IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID ALLEN CAFFAS, :
    Petitioner :
: No. 1:16-cv-00918
v. :
: (Judge Kane)
COMMONWEALTH OF :
PENNSYLVANIA, et al., :
    Respondent :

## MEMORANDUM

On May 18, 2016, the Court received and docketed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 by Petitioner David Allen Caffas. (Doc. No. 1.) Caffas is currently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"). Subsequent to filing the petition, Caffas filed a motion to alter or amend judgment (Doc. No. 20), motion to file an oversized traverse (Doc. No. 21), motion to expand the record (Doc. No. 22), and motion for leave to appeal in forma pauperis (Doc. No. 23.)

**I.    STATEMENT OF THE CASE**

    **A.    Procedural History**

After a two-day jury trial on August 23 and 24, 2010, Caffas was convicted of manufacturing a controlled substance, possession of drug paraphernalia, simple assault, recklessly endangering another person, and involuntary manslaughter and was acquitted of third-degree murder and voluntary manslaughter. Commonwealth v. Caffas, Doc. Nos. CP-50-CR-445-2009, CP-50-CR-515-2009 (Perry Cty. C.C.P.).[1] Caffas was

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state court records, as well as its own records. Minney v. Winstead, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in

sentenced on October 7, 2010, to serve no less than eight-and-one-half years and no more than twenty years in a state correctional institution. (Id.) Caffas timely filed post-sentence motions on October 18, 2010, which the trial court denied by operation of law on June 27, 2011. (Id.) Caffas then timely filed a notice of appeal on July11, 2011, to the Superior Court of Pennsylvania, which in turn, determined that Caffas' sentence for manufacturing a controlled substance was in error and remanded for resentencing on April 3, 2012. Commonwealth v. Caffas, Doc. Nos. 1213 1214 MDA 2011 (Pa. Super. Ct.).

Caffas was resentenced by the trial court on August 2, 2012, to an aggregate of no less than three-and-one-half years and no more than ten years, plus a flat sentence of five years to be served consecutively in a state correctional institution. Commonwealth v. Caffas, Doc. Nos. CP-50-CR-445-2009, CP-50-CR-515-2009 (Perry Cty. C.C.P.). Caffas did not file a direct appeal of his resentence.

Caffas filed a counseled PCRA petition on January 29, 2013. Commonwealth v. Caffas, Doc. Nos. CP-50-CR-445-2009, CP-50-CR-515-2009 (Perry Cty. C.C.P.). A hearing was held on July 16, 2013, where Caffas and his trial counsel, Vincent Monfredo, testified. Commonwealth v. Caffas, Doc. Nos. CP-50-CR-445-2009, CP-50-CR-515-2009 (Perry Cty. C.C.P.); Commonwealth v. Caffas, No. 1963 MDA 2013 (Pa. Super. Ct.). The PCRA Court denied Caffas' petition on August 9, 2013. Id. Caffas timely filed a counseled notice of appeal to the Superior Court of Pennsylvania on September 18, 2013. Commonwealth v. Caffas, No. 1963 MDA 2013 (Pa. Super. Ct.). Caffas raised the following two issues on appeal to the

---

the Court of Common Pleas of Perry County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania, as well as its own records.

Superior Court: (1) whether trial counsel was ineffective for failing to oppose the Commonwealth's motion to consolidate the two dockets against Caffas; and (2) whether trial counsel was ineffective for failing to introduce evidence showing that the victim had marijuana in his system at the time of his death. Commonwealth v. Caffas, No. 1963 MDA 2013 (Pa. Super. Ct.).

On November 5, 2014, the Superior Court affirmed the dismissal of Caffas' first counseled PCRA petition. (Id.) On July 21, 2015, Caffas filed a second PCRA petition. Commonwealth v. Caffas, Doc. Nos. CP-50-CR-445-2009, CP-50-CR-515-2009 (Perry Cty. C.C.P.) The PCRA court dismissed the second PCRA petition on January 11, 2017. (Id.) Caffas appealed the second PCRA petition to the Superior Court where it is currently pending. Commonwealth v. Caffas, No. 276 MDA 2017 (Pa. Super Ct.).

Caffas filed the instant pro se federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 18, 2016. (Doc. No. 1.) Respondents answered the petition on January 19, 2017. (Doc. No. 15.) Caffas has also subsequently filed the following motions: a motion to alter or amend judgment (Doc. No. 20), challenging this Court's February 21, 2017 Order (Doc. No. 19), denying his motion to stay or hold this case in abeyance; a motion to file an "oversized" traverse (Doc. No. 21), together with an attached copy of his traverse (Doc. No. 21); a motion to expand the record (Doc. No. 22), seeking transcripts, photographs, audio discs from 911 calls and recorded conversations; and a motion for leave to appeal in forma pauperis (Doc. No. 23).

### B. Habeas Claims Presented

Caffas' petition presents the following thirteen grounds for relief:

1. Ineffective assistance of trial counsel for failure to raise right to confrontation, and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

3

2. Ineffective assistance of trial counsel for failure to raise Brady violations, and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

3. Ineffective assistance of trial counsel for counsel's failure to introduce the victim's toxicology report at trial, and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

4. Serving multiple illegal sentences which are invalid and unconstitutional in light of United States v. Alleyene, 133 S. Ct. 2151 (2013);

5. Ineffective assistance of trial counsel for failure to raise prosecutorial misconduct, and manifest abuse of discretion and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

6. Ineffective assistance of trial counsel for failure to raise manifest abuse of discretion by the trial judge, and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

7. Ineffective assistance of trial counsel for failure quash information and move to dismiss charges not supported by evidence during pre-trial, and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

8. Ineffective assistance of trial counsel for failure to challenge inclusion of deadly force in jury instructions, to clarify jury instructions on deadly and non-deadly force, and failure to assert deadly force/non-deadly force within the verdict slip and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

9. Ineffective assistance of trial counsel for failure to preserve a recorded phone message and failure to conduct an effective trial strategy prior to trial and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

10. Ineffective assistance of trial counsel for failure to effectively cross examine or rebut Commonwealth witnesses on perjured testimony and failure to introduce evidence crucial to Petitioner's self defense claim and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

11. Ineffective assistance of trial counsel for failure to argue for a change of venue, conduct an adequate voir dire, failure to request extra jurors

in the juror pool, and failure to argue for extra peremptory challenges and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

12. Jury's verdict was against the weight and sufficiency of the evidence;

13. Ineffective assistance of trial counsel for failure to oppose motion to consolidate and ineffective assistance of appellate counsel for failure to adequately argue on appeal.

(Doc. No. 1.)

## II. DISCUSSION

In its answer to Caffas' petition, Respondent provides that of the thirteen (13) grounds raised by Petitioner, grounds one, two, five, six, seven, eight, nine, ten, and eleven have been waived. (Doc. No. 15 at 1.) Respondent provides that because these claims were not raised on direct appeal or during Petitioner's first, counseled PCRA proceeding, they are waived as a matter of law pursuant to 42 Pa.C.S. § 9544(b). (Id.) Respondent also argues that grounds three, twelve, and thirteen have been previously litigated on direct appeal and are without merit as a matter of law and should be dismissed on the merits. (Id. at 2.) Finally, Respondent argues that ground four is not exhausted and should either be dismissed, or alternatively, held in abeyance pending the outcome of Petitioner's second PCRA proceeding. (Id. at 2, 3.)

### A. Mixed Petition

In the instant habeas petition, Caffas has presented a "mixed petition" where a habeas petitioner proceeds in federal court with a single petition containing some claims that have been exhausted in the state courts and some claims that have not. See Rose v. Lundy, 455 U.S. 509, 522 (1982). Caffas' claims set forth in grounds three, twelve, and thirteen have been fully exhausted in the state court on direct appeal and in his first counseled PCRA proceeding, and are ripe for habeas review. Commonwealth v. Caffas, No. 1213 MDA 2011, 1214 MDA 2011 (Pa.

5

Super Ct.); Commonwealth v. Caffas, No. 1963 MDA 2013 (Pa. Super Ct.); see also 28 U.S.C. § 2254(b)(1).  However, Caffas' remaining claims set forth in grounds one, two, four, five, six, seven, eight, nine, ten, and eleven are subject to state court review in his pending second PCRA petition.

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254(b).  Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies.  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).  Overall, the exhaustion requirement advances the goals of comity and federalism while reducing "piecemeal litigation."  Duncan v. Walker, 533 U.S. 167, 180 (2001).

"When faced with a mixed petition, District Courts have four options available: dismiss the petition without prejudice; stay the petition pending the outcome of state proceedings under [Rhines v. Weber, 544 U.S. 269 (2005);] allow the petitioner to delete all unexhausted claims and proceed on the remainder[;] or[,] if the unexhausted claims are meritless[,] deny them under 28 U.S.C. § 2254(b)(2)."  McLaughlin v. Shannon, 454 F. App'x 83, 86 (3d Cir. 2011) (citing Rhines, 544 U.S. at 277-78).  The Court will address the unexhausted grounds to determine whether a stay and abeyance is appropriate in this matter.

**B.     Grounds One, Two, Five, Six, Seven, Eight, Nine, Ten, and Eleven**

Respondent contends that of the thirteen grounds raised by Caffas in his petition, the above claims have been waived because Caffas failed to raise them, and could have raised them,

6

in his first counseled PCRA petition. (Doc. No. 15 at 1.) Caffas argues that the failure of appointed PCRA counsel to advance his ineffective assistance of trial counsel claims in his initial PCRA proceedings constitutes ineffective assistance of counsel. The United States Supreme Court has recognized that, under certain circumstances, the procedural default of an ineffective assistance of trial counsel claim may be excused where the default was caused by ineffective assistance of counsel in post-conviction collateral proceedings. See Martinez v. Ryan, 566 U.S. 1, 6-18 (2012). Specifically, the Martinez Court held that:

> [A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Martinez, 566 U.S. at 17.

The Martinez Court limited its holding to cases where "under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding." Id. Shortly thereafter, the Supreme Court revisited its Martinez holding, extending it to apply not only to cases where state procedural law expressly prohibited ineffective assistance claims on direct appeal, but also where "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." Trevino v. Thaler, 133 S. Ct. 1911, 1921 (2013). The Third Circuit has subsequently examined Pennsylvania procedural law and found that Martinez applies in Pennsylvania. Cox v. Horn, 757 F.3d 113, 124 n.8 (3d Cir. 2014).

Caffas' claims of ineffective assistance of counsel at his initial-review collateral proceedings falls squarely within the scope of the Martinez rule. Under Martinez, the failure of

7

federal habeas petitioner's counsel to raise a claim in an initial-review collateral proceeding can constitute cause if: (1) PCRA counsel's failure itself constituted ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 688, 687 (1984); and (2) the underlying ineffective assistance of trial counsel claim is "a substantial one." Martinez, 566 U.S. at 14. "Under Strickland, courts are precluded from finding that counsel was ineffective unless they find both that counsel's performance fell below an objectively unreasonable standard, and that the defendant was prejudiced by that performance." Marshall v. Hendricks, 307 F.3d 36, 85 (3d Cir. 2002). A petitioner must overcome the strong presumption that his trial counsel's conduct fell "within the wide range of reasonable professional assistance" and that counsel "made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Even if a petitioner demonstrates that his attorney's performance fell below prevailing professional norms, habeas relief will only be available if he further demonstrates that this deficient performance prejudiced his defense. A petitioner must show that there is "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The court is permitted to deny an ineffective assistance of counsel claim solely upon a petitioner's failure to make a sufficient showing under either prong. Id. at 687, 697.

This case is at a unique procedural posture in that Caffas has filed a second PCRA petition setting forth the very unexhausted claims now presented in this instant habeas petition, i.e., the failure of appointed PCRA counsel to advance his ineffective assistance of trial counsel claims in his initial PCRA proceedings. While Respondent contends that Caffas has waived grounds one, two, five, six, seven, eight, nine, ten, and eleven pursuant to 42 Pa.C.S. § 9544(b) for his failure to raise these grounds in his *initial* PCRA proceeding (emphasis added),

Respondent appears to overlook the narrow exception carved out by the Martinez Court. Moreover, these grounds have been raised by Caffas in his second PCRA proceeding which is currently pending before the Superior Court of Pennsylvania. It is for this reason that Caffas seeks a stay and abeyance of this matter, so that he can exhaust his state remedies. Upon review of the record, the Court is inclined to grant a stay in this matter until such time as Caffas' claims have been exhausted in state court. Indeed, federalism and comity dictate that this Court afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary. Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005).

C. **Stay and Abeyance**

A district court may stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust previously unexhausted claims. Rhines, at 275. "Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." Id. However, a stay and abeyance will be permitted only in "limited circumstances": A district court should grant a stay only if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

The Supreme Court in Rhines recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. Rhines, 544 U.S. at 277. The Court of Appeals for the Third Circuit in Crews v. Horn, 360 F.3d 146 (3d Cir. 2004), similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154 (internal citations omitted).

Rhines and Crews both contemplate that the initial federal petition must be both timely filed and a mixed petition. There is no clear indication from the Petitioner's submissions to date that his pending federal petition is untimely under 28 U.S.C. § 2244(d).[2] Petitioner should not face the prospect of forfeiting federal court review of these issues. There is no indication that Petitioner is seeking to defer adjudication of his claims or to defeat the interests of finality of state court judgments. However, if the Pennsylvania state courts were to determine that Petitioner's second PCRA action was not properly filed, timeliness concerns would exist with respect to the submission of his pending federal action. In that event, there is a potential that if Petitioner waited until final state court disposition of his second PCRA action before seeking federal habeas relief, he would face possible dismissal of such a petition as being untimely filed.

Given this potential, Petitioner's pro se status, and out of an abundance of caution, Crews counsels in favor of a stay of litigation in this case while Petitioner completes the state review process on his pending unexhausted claims. Accordingly, the Court will grant a stay. However, in order to keep this matter moving forward, within thirty (30) days of the termination of Petitioner's state court second PCRA proceedings, he will be required to file a written status report with the Court detailing the conclusion of his state court exhaustion efforts and including a copy of the relevant Superior and/or Supreme Court's dispositions.

Upon demonstration by Petitioner that his state court proceedings have concluded, the stay issued in this matter will be lifted. Until such time, this matter will be marked closed for administrative purposes.

---

[2] Nor does Respondent raise an issue of timeliness.

**D.     Miscellaneous Filings**

The Court will now address Caffas' four miscellaneous filings. On April 10, 2017, Caffas filed a motion to file "oversized" traverse. (Doc. No. 21.) Caffas seeks the Court's permission to file his traverse which is nearly 143 pages in length, accompanied by roughly 61 pages of exhibits. (Doc. No. 21). The Court will grant this motion and direct the Clerk of Court to separately docket the proposed traverse (attachments 1, 2 and 3 to Doc. No. 21), as a separate docket entry.

On March 23, 2017, Caffas filed a motion entitled motion to alter or amend judgment (Doc. No. 20), in which he challenges this Court's previous decision to address the motion to stay at the same time the Court addresses the merits of his petition. Caffas did not file a brief in support of that motion as required by Local Rule 7.5. Because this Memorandum and its corresponding Order effectively render this motion moot, the Court will deny this motion as moot.

Petitioner also filed a motion to expand the record, seeking transcripts, photographs, audio discs from 911 calls and recorded conversations allegedly in possession of Respondent. (Doc. No. 22.) Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in relevant part, "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Because the Court is issuing a stay in this matter pending the exhaustion of Caffas' state court remedies, the Court will deny this motion as moot.

Alternatively, although Petitioner is requesting leave to expand the record, he does not attach any documents he wishes to include as part of the record. Rather, Petitioner is requesting Respondent to provide him with certain types of information. Accordingly, the Court will

11

construe Petitioner's request as, more appropriately, a motion to compel discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

Habeas petitioners have no absolute right to make discovery demands upon respondents. Indeed, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); Vasquez v. Glover, Civ. No. 09-2593, 2010 WL 2569715, at *1 (D.N.J. June 24, 2010). Rather, decisions on discovery requests rest in the sound discretion of the court. See Levi v. Holt, 192 F. App'x 158, 162 (3d Cir. 2006). Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, does not permit discovery except under limited circumstances and with prior leave of court. Specifically, Rule 6 provides in pertinent part:

(a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . .

(b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specific any requested documents. . . .

Therefore, it is incumbent upon the Petitioner to make a showing of good cause to justify discovery in these proceedings.

Under the "good cause" standard, a district court should grant leave to conduct discovery only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is … entitled to relief." Harris v. Nelson, 394 U.S. 286, 300 (1969). Accordingly, where there appears to be threshold legal bar to a habeas petition, the proper course is to deny motions seeking factual discovery. Brown v. DiGuglielmo, No. 07-3465, 2007 WL 4242266, at *1 (E.D. Pa. Nov. 29, 2007) (citing Williams v. Bagley, 380 F.3d 932, 974-76 (6th Cir. 2004)) (noting that discovery requests

relating to procedurally defaulted claims were properly denied because discovery could not lead to a colorable basis for relief on those claims); Peterkin v. Horn, 30 F. Supp. 2d 413, 518-20 (E.D. Pa 1998) (same).

Applying the above law, the Court finds that discovery of the type proposed by Petitioner is neither appropriate, nor necessary. Accordingly, Caffas' motion to expand the record will be denied.

Petitioner has also filed a motion for leave to appeal in forma pauperis. (Doc. No. 23.) The Court notes that Petitioner has already paid the $5.00 filing fee. The Court further notes that this document seeks leave to appeal his "second and subsequent PCRA" petition. (Id.) This document appears to be improvidently filed and as such, will be denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to file an "oversized" traverse (Doc. No. 21), will be granted; Petitioner's motion to alter or amend judgment (Doc. No. 20), will be denied as moot; Petitioner's motion to expand the record (Doc. No. 22), will be denied; and Petitioner's motion for leave to appeal in forma pauperis (Doc. No. 23), will be denied as improvidently filed. Adjudication of Caffas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be stayed pending the exhaustion of state court remedies. Petitioner shall, within thirty (30) days of the termination of his state court proceedings regarding his second PCRA action, file a written status report with the Court detailing the conclusion of his Pennsylvania state court exhaustion efforts and include a copy of the Superior and/or Supreme Court's disposition. This matter will be administratively closed. An appropriate Order follows.