IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ALLEN CAFFAS, | : | |
|     Petitioner | : | |
| | : | No. 1:16-cv-00918 |
| v. | : | |
| | : | (Judge Kane) |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et al., | : | |
|     Respondent | : | |

## **MEMORANDUM**

On May 18, 2016, the Court received and docketed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 by Petitioner David Allen Caffas ("Petitioner"). (Doc. No. 1.) Respondent subsequently filed a response to the petition on January 19, 2017. (Doc. No. 15.) On March 23, 2018, the Court issued a Memorandum and Order staying the instant case pending exhaustion of a number of Petitioner's claims in state court and administratively closed this case. (Doc. Nos. 24, 25.) On April 19, 2018, Petitioner notified the Court that he was paroled and provided the Court with an updated address. (Doc. No. 27.) Petitioner also filed a status report indicating that his state court proceedings terminated and requested that the stay in this matter be lifted. (Doc. No. 28.) On May 31, 2018, the Court lifted the stay, reopened this matter, and directed the parties to file supplemental responses. (Doc. No. 34.) Supplemental responses were filed on June 4, 2018 (Doc. No. 35), and July 18, 2018 (Doc. No. 38). Accordingly, this matter is ripe for disposition. For the reasons that follow, the petition will be dismissed.

## I. STATEMENT OF THE CASE

### A. Procedural History

The Court provides the following recitation of the procedural history from its March 23, 2018 Memorandum[1]:

> After a two-day jury trial on August 23 and 24, 2010, Caffas was convicted of manufacturing a controlled substance, possession of drug paraphernalia, simple assault, recklessly endangering another person, and involuntary manslaughter and was acquitted of third-degree murder and voluntary manslaughter. Commonwealth v. Caffas, Doc. Nos. CP-50-CR-445-2009, CP-50-CR-515-2009 (Perry Cty. C.C.P.).[2] Caffas was sentenced on October 7, 2010, to serve no less than eight-and-one-half years and no more than twenty years in a state correctional institution. (Id.) Caffas timely filed post-sentence motions on October 18, 2010, which the trial court denied by operation of law on June 27, 2011. (Id.) Caffas then timely filed a notice of appeal on July11, 2011, to the Superior Court of Pennsylvania, which in turn, determined that Caffas' sentence for manufacturing a controlled substance was in error and remanded for resentencing on April 3, 2012. Commonwealth v. Caffas, Doc. Nos. 1213 1214 MDA 2011 (Pa. Super. Ct.).
>
> Caffas was resentenced by the trial court on August 2, 2012, to an aggregate of no less than three-and-one-half years and no more than ten years, plus a flat sentence of five years to be served consecutively in a state correctional institution. Commonwealth v. Caffas, Doc. Nos. CP-50-CR-445-2009, CP-50-CR-515-2009 (Perry Cty. C.C.P.). Caffas did not file a direct appeal of his resentence.

---

[1] The Court notes that while in some instances there are discrepancies among the reported filing dates between the Court of Common Pleas of Perry County's docket sheet and the state court opinions, this Court utilizes the dates as reflected within the state courts' opinions themselves in this Memorandum.

[2] In addition to the petition, a federal habeas court may take judicial notice of state court records, as well as its own records. Minney v. Winstead, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Perry County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania, as well as its own records.

>Caffas filed a counseled PCRA petition on January 29, 2013. Commonwealth v. Caffas, Doc. Nos. CP-50-CR-445-2009, CP-50-CR-515-2009 (Perry Cty. C.C.P.). A hearing was held on July 16, 2013, where Caffas and his trial counsel, Vincent Monfredo, testified. Commonwealth v. Caffas, Doc. Nos. CP-50-CR-445-2009, CP-50-CR-515-2009 (Perry Cty. C.C.P.); Commonwealth v. Caffas, No. 1963 MDA 2013 (Pa. Super. Ct.). The PCRA Court denied Caffas' petition on August 9, 2013. Id. Caffas timely filed a counseled notice of appeal to the Superior Court of Pennsylvania on September 18, 2013. Commonwealth v. Caffas, No. 1963 MDA 2013 (Pa. Super. Ct.). Caffas raised the following two issues on appeal to the Superior Court: (1) whether trial counsel was ineffective for failing to oppose the Commonwealth's motion to consolidate the two dockets against Caffas; and (2) whether trial counsel was ineffective for failing to introduce evidence showing that the victim had marijuana in his system at the time of his death. Commonwealth v. Caffas, No. 1963 MDA 2013 (Pa. Super. Ct.).

(Doc. No. 24.)

On November 5, 2014, the Superior Court affirmed the dismissal of Petitioner's first counseled PCRA petition. Caffas, No. 1963 MDA 2013. On December 5, 2014, Petitioner petitioned the Supreme Court of Pennsylvania for allocator which was denied on May 20, 2015. Commonwealth v. Caffas, No. 904 MAL 2014 (Pa. 2014). On July 21, 2015, Caffas filed a second PCRA petition. Commonwealth v. Caffas, No. 276 MDA 2017 (Pa. Super. Ct.) The PCRA court dismissed the second PCRA petition on January 11, 2017. (Id.) Petitioner appealed the second PCRA petition to the Superior Court which affirmed the dismissal and quashed the appeal on February 5, 2018 as untimely. Id. Petitioner filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 18, 2016. (Doc. No. 1.)

**B. Habeas Claims Presented**

Petitioner presents the following thirteen grounds for relief:

1. Ineffective assistance of trial counsel for failure to raise right to confrontation, and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

3

2. Ineffective assistance of trial counsel for failure to raise Brady violations, and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

3. Ineffective assistance of trial counsel for counsel's failure to introduce the victim's toxicology report at trial, and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

4. Serving multiple illegal sentences which are invalid and unconstitutional in light of <u>United States v. Alleyene</u>, 133 S. Ct. 2151 (2013);

5. Ineffective assistance of trial counsel for failure to raise prosecutorial misconduct, and manifest abuse of discretion and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

6. Ineffective assistance of trial counsel for failure to raise manifest abuse of discretion by the trial judge, and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

7. Ineffective assistance of trial counsel for failure quash information and move to dismiss charges not supported by evidence during pre-trial, and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

8. Ineffective assistance of trial counsel for failure to challenge inclusion of deadly force in jury instructions, to clarify jury instructions on deadly and non-deadly force, and failure to assert deadly force/non-deadly force within the verdict slip and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

9. Ineffective assistance of trial counsel for failure to preserve a recorded phone message and failure to conduct an effective trial strategy prior to trial and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

10. Ineffective assistance of trial counsel for failure to effectively cross examine or rebut Commonwealth witnesses on perjured testimony and failure to introduce evidence crucial to Petitioner's self defense claim and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

11. Ineffective assistance of trial counsel for failure to argue for a change of venue, conduct an adequate voir dire, failure to request extra jurors

in the juror pool, and failure to argue for extra peremptory challenges and ineffective assistance of PCRA counsel for failure to raise in first PCRA petition;

12. Jury's verdict was against the weight and sufficiency of the evidence;

13. Ineffective assistance of trial counsel for failure to oppose motion to consolidate and ineffective assistance of appellate counsel for failure to adequately argue on appeal.

(Doc. No. 1.)

## II. DISCUSSION

In its answer and supplemental response to the petition, Respondent argues that Petitioner's petition is untimely filed pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] Under 28 U.S.C. § 2244(d), a state prisoner is subject to a one-year statute of limitations for the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. This statute provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] The Court initially notes that while Petitioner indicates that he has been paroled (Doc. No. 27), he satisfies the "in custody" requirement for purposes of the habeas statute. The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A petitioner on probation or parole for the conviction or sentence he seeks to attack satisfies the "in custody" requirement for purposes of the habeas statute. Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d).

  Under this statute of limitations, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Here, the applicable starting point for the statute of limitations is the "conclusion of direct review or the expiration of the time for seeking such review." Id. Petitioner was resentenced by the trial court on August 2, 2012, and he did not file a direct appeal from his resentence. Caffas, Nos. CP-50-CR-445-2009, CP-50-CR-515-2009; Caffas, No. 1963 MDA 2013. Consequently, his judgement of sentence became final on September 2, 2012, thirty (30) days after he could have filed a direct appeal of his August 2, 2012 judgment of sentence. See Kuehner v. Com. of Pennsylvania, Civ. No. 3:14-0800, 2016 WL 1595389, at *4 (M.D. Pa. Apr. 20, 2016). Therefore, Petitioner had one year from September 2, 2012, or until September 2, 2013, to timely file a federal habeas petition. The instant habeas petition was filed on May 18, 2016. (Doc. No. 1.) Therefore, unless it is subject to statutory or equitable tolling, it is jurisdictionally time-barred.

  Pursuant to 28 U.S.C. § 2244, the running of the limitations period is suspended for the period of time when properly-filed state post-conviction proceedings are pending in any state court. 28 U.S.C. § 2244(2). An application for state post-conviction relief is "filed" when "it is

delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 431 U.S. 4, 8 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence v. Florida, 549 U.S. 327, 333-36 (2007).

On January 29, 2013, Petitioner filed a counseled petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"), which statutorily tolled the AEDPA statute of limitations period because it was properly filed in accordance with Pennsylvania's procedural requirements. See Caffas, Nos. CP-50-CR-445-2009, CP-50-CR-515-2009; Caffas, No. 1963 MDA 2013; see also U.S.C. § 2244(d)(2). Accordingly, Petitioner's AEDPA statute of limitations was tolled from January 29, 2013, when he first filed for PCRA relief, until the completion of the collateral review process, which was May 20, 2015, the date that PCRA proceedings terminated when the Supreme Court of Pennsylvania denied Petitioner allocatur. See Caffas, No. 904 MDA 2014. Therefore, the AEDPA statute of limitations began to run again on May 20, 2015. One hundred and fifty (150) days of Petitioner's AEDPA limitations period elapsed between September 29, 2012, the date Petitioner's judgment of sentence became final, and January 29, 2013, the date Petitioner filed his timely PCRA petition. Accordingly, two hundred and fifteen (215) days of Petitioner's remaining AEDPA limitations period began to run again on May 20, 2015. Therefore, Petitioner's AEDPA limitations period expired on December 21, 2015. Because Petitioner did not file the instant habeas petition until May 18, 2016, the petition is time-barred unless it is subject to further statutory or equitable tolling.

7

Notably, although Petitioner filed a second PCRA petition on July 21, 2015, it did not operate to toll the statute of limitations because it was dismissed and quashed by the Superior Court on February 5, 2018 as untimely filed. Commonwealth v. Caffas, No. 276 MDA 2017 (Pa. Super Ct. Feb. 5, 2018). In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414 (quoting Carey v. Saffold, 536 U.S. 214 (2002)). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace, 544 U.S. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2).").

As it appears that further statutory tolling is inapplicable, Petitioner's federal habeas petition is deemed untimely, as he filed the instant petition 149 days past the end of the tolling period. As statutory tolling does not save Petitioner's petition from being barred by the statute of limitations, the Court turns next to equitable tolling.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Accordingly, equitable tolling is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006). The Third Circuit has found that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting

United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). The petitioner bears the burden of establishing that he is entitled to benefit from equitable tolling. Pace, 544 U.S. at 418.

The Third Circuit has repeatedly found that in non-capital cases, attorney error does not constitute the "extraordinary circumstances" necessary for equitable tolling. See, e.g., Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004) (holding that "[g]enerally . . . attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitations"); Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (holding that a petitioner's receipt of erroneous advice from counsel regarding the deadline for filing a federal habeas corpus petition did not warrant equitable tolling); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (finding that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). Generally, an attorney's delinquency is chargeable to a client and is not a basis for equitable tolling. See Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 237, 237 (3d Cir. 1999).

Moreover, the actions or inactions of PCRA counsel do not constitute a state-created impediment to the filing of a habeas petition. See Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1331 (11th Cir. 2008) (concluding that delayed appointment of Johnson's original state post-conviction counsel and the ineffective assistance of that counsel did not constitute an impediment created by the State because there is no right to counsel in state collateral proceedings); Castagno v. Grady, Civ. No. 12-3333, 2013 WL 3811201, at *6 (E.D. Pa. July 23, 2013) (concluding that "[i]t is well-settled that there is no federal constitutional right to counsel during post-conviction proceedings").

In his traverse, Petitioner cites to Martinez v. Ryan, 566 U.S. 1 (2012), a case in which the Supreme Court held that, under certain circumstances, the procedural default of ineffective

9

assistance of trial counsel claims may be excused where the default was caused by the ineffective assistance of counsel in post-conviction collateral proceedings. Id. at 6-18. Specifically, the Matinez Court held that:

> [A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state] initial-review collateral proceedings, there was no counsel or counsel in that proceeding was ineffective.

Id. at 17.

However, Martinez did not deal with the statute of limitations; rather, it addressed procedural default of state claims. Moreover, Martinez does not provide a basis for equitable tolling of the statute of limitations. See Toby v. Lamas, No. 3:13-cv-2882, 2015 WL 4878708, at *9 (M.D. Pa. Aug. 14, 2015); see, e.g., Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) (holding "that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period"); Taulton v. Tritt, Civ. No. 14-3401, 2015 WL 745769, at *8 (E.D. Pa. Feb. 23, 2015) ("The Martinez decision does not implicate equitable tolling."); Shirey v. Giroux, No. 3:cv-11-1693, 2014 WL 5825309, at *8 (M.D. Pa. Nov. 10, 2014) ("[I]t has been recognized that Martinez does not constitute an exception to the one year statute of limitations for filing a federal habeas corpus petition."); Wise v. Rozum, Civ. No. 3:12-1360, 2013 WL 5797659, at *5 (M.D. Pa. Oct. 28, 2013) (holding that Martinez does not excuse a habeas petitioner's failure to seek federal review in a timely fashion). Accordingly, Martinez does not provide a basis for equitable tolling.

Finally, in Petitioner's supplemental response, he argues that this Court may entertain his petition because he asserts an actual innocence claim. (Doc. No. 38 at 3.) He claims that he had a Constitutional right to defend himself in his house when he used "non deadly force" when he

shot the victim with an air gun. (Id.) Actual innocence is an equitable exception to the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 395 (2013). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" despite the expiration of the statute of limitations. Id. at 386. The standard for establishing actual innocence, however, is demanding. Id. at 401. It requires "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The standard is not met unless the petitioner "'persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 569 U.S. at 386 (quoting Schlup, 513 U.S. at 329). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324.

Here, although Petitioner cites McQuiggin, he has not presented a colorable actual-innocence claim. He has not presented any new evidence and thus, cannot meet the stringent standard for showing actual innocence. Accordingly, there is no basis to equitably toll the statute of limitations or for an equitable exception to the statute of limitations. Because Petitioner's petition was filed 149 days after the statute of limitation expired, it is barred by the statute of limitations and will be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), will be dismissed as untimely. A COA will not issue. An appropriate Order follows.